**UNITED STATES DISTRICT COURT**     **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| HELEN TRAN and JOHN NGUYEN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:24-CV-94 |
| | § | |
| GLG TRUCK LINES, INC., JAMIE | § | |
| PRAWDZIK, JOHNSON BROS. | § | |
| CORPORATION, A SOUTHLAND | § | |
| COMPANY, and AMAZON.COM INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiffs Helen Tran and John Nguyen's (collectively, "Plaintiffs") Motion to Remand (#9) wherein Plaintiffs ask the court to remand this case to the 60th District Court of Jefferson County, Texas. Defendant Amazon.Com Inc. ("Amazon") filed a Response in opposition (#10). Having considered the pending motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Plaintiffs' motion should be denied.

I.   <u>Background</u>

On December 7, 2023, Plaintiffs filed their Original Petition (#3) in the 60th Judicial District Court of Jefferson County, Texas. In their Petition, Plaintiffs assert claims of negligence against Defendants GLG Truck Lines, Inc. ("GLG"), Jamie Prawdzik ("Prawdzik"), Johnson Bros. Corporation, a Southland Company ("JBC"), and Amazon for injuries arising out of an automobile accident. On November 3, 2022, Plaintiffs were traveling in the left lane of Interstate Highway 10 ("IH-10") in Beaumont, Texas. Simultaneously, Prawdzik was driving a large

commercial vehicle on the service road of IH-10.  As Prawdzik began to merge onto the highway, he crossed multiple lanes of traffic and collided with the Plaintiffs.  The Plaintiffs allege that they sustained injuries as a result.

On March 13, 2024, Amazon removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiffs are citizens and residents of the State of Texas.  Defendants Amazon and GLG are not Texas corporations, nor do they maintain their principal places of business in the State of Texas.  Additionally, Prawdzik is not a citizen of the State of Texas.  Rather, he is a citizen and resident of the State of Florida.  Defendant JBC, however, is a Texas Corporation, and it maintains its principal place of business in the State of Texas.  Nevertheless, in its Notice of Removal (#1), Amazon asserts JBC was fraudulently joined as a defendant to defeat diversity, and, consequently, JBC should be dismissed as a party to this action and its citizenship ignored for jurisdictional purposes.  On April 12, 2024, Plaintiffs filed a motion to remand the case to state court, contending that JBC was properly joined, and, thus, federal jurisdiction is lacking because the parties are not completely diverse.

II.    Analysis

A.    Removal Jurisdiction

"Federal courts are courts of limited jurisdiction."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.*, 53 F.4th 361, 364 (5th Cir. 2022); *Williams v. Homeland Ins. Co. of N.Y.*,

18 F.4th 806, 816 (5th Cir. 2021); *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019).  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377; *accord Gonzalez*, 926 F.3d at 188.  The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Gonzalez*, 926 F.3d at 188 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017).  In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 231-32 (2007); *Atkins v. CB&I, L.L.C.*, 991 F.3d 667, 669 n.1 (5th Cir. 2021); *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *accord Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018); *see* 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013).  "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Leboeuf v. Hatle*, No. 20-105, 2020 WL 1074952, at *1 (E.D. La. Mar. 6, 2020) (citing *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F.

Supp. 2d 376, 382 (S.D. Tex. 2008)); *accord Hernandez v. State Farm Lloyds*, No. DR-16-CV-164-AM/CW, 2017 WL 8131570, at *2 (W.D. Tex. Sept. 19, 2017); *Fort Worth & W. R.R. Co. v. Stevenson*, No. 3:15-CV-0906-B, 2015 WL 3867906, at *1 (N.D. Tex. June 22, 2015).

"The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 307 (5th Cir. 2021); *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)); *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024); *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020); *Settlement Funding, L.L.C.*, 851 F.3d at 536. In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)); *accord Allen*, 907 F.3d at 183; *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

B.     Diversity Jurisdiction

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship

between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332; *Home Depot U.S.A., Inc.*, 587 U.S. at 437-38; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of filing and the date of removal.  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004); *Palmquist*, 103 F.4th at 301 (citing *Cavallini v. State Farm Mut. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)); *In re N&W Marine Towing, L.L.C.*, 90 F.4th 724, 731 (5th Cir. 2024) (quoting *Manguno*, 276 F.3d at 723); *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019).

In removed cases where, as here, there is no federal question involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see Palmquist*, 103 F.4th at 308 (citing *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 336-37 (5th Cir. 2004)).  Complete diversity requires that no plaintiff be a citizen of the same state as any defendant.  *Exxon Mobil Corp.*, 545 U.S. at 552; *Lewis*, 519 U.S. at 68; *Moss*, 913 F.3d at 514; *Vaillancourt v. PNC Bank Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).

C.  <u>Improper Joinder</u>

In the present case, there is no dispute that both Plaintiffs and JBC are citizens of the State of Texas.  Consequently, to establish the existence of diversity jurisdiction, Amazon must demonstrate that JBC was improperly joined as a defendant to this action.  *See Miciotto v. Hobby*

*Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *2 (5th Cir. Aug. 9, 2022) (citing *Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 514-15 (5th Cir. 2021)); *Afr. Methodist Episcopal Church*, 756 F.3d at 793; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

In determining whether a defendant was improperly joined, the "focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (quoting *Hicks*, 12 F.4th at 515); *accord Van Tiem v. First Am. Title Co.*, No. 20-40707, 2021 WL 4537689, at *3 (5th Cir. Oct. 4, 2021) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). The removing party bears the heavy burden of proving that a non-diverse defendant has been fraudulently joined to defeat diversity, either by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Pace*, 93 F.4th at 889 (quoting *Smallwood*, 385 F.3d at 573); *D & J Invs. of Cenla, L.L.C. v. Baker Hughes a G E Co., L.L.C.*, 52 F.4th 187, 195 (5th Cir. 2022); *Ticer*, 20 F.4th at 1045; *Van Tiem*, 2021 WL 4537689, at *3 (quoting *Smallwood*, 385 F.3d at 573); *Waste Mgmt. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020). There is no difference between the terms "improper joinder" and "fraudulent joinder" in the context of removal jurisdiction. *See Hoyt*, 927 F.3d at 292 n.1 (quoting *Smallwood*, 385 F.3d at 571 n.1).

Here, Amazon does not claim that Plaintiffs committed actual fraud in the recitation of jurisdictional facts. As a result, to establish improper joinder, Amazon must demonstrate that there is no reasonable possibility that Plaintiffs could maintain a cause of action against JBC in

6

state court. *Mumfrey*, 719 F.3d at 403 (requiring the removing party to demonstrate that there is no *reasonable* possibility of recovery); *Do v. GW Trucking Inc.*, No. 1:23-CV-0007-MJT, 2024 WL 604715, at *4 (E.D. Tex. Jan. 24, 2024).   In other words, the court should find improper joinder if "there is no *reasonable* basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."   *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (emphasis added) (quoting *Smallwood*, 385 F.3d at 573 (rejecting all other phrasings)); *see Jack*, 79 F.4th at 556; *Hicks*, 12 F.4th at 515; *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 205; *Mumfrey*, 719 F.3d at 401.   "[A] mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder."   *Gonzales v. Bank of Am.*, 574 F. App'x 441, 443 (5th Cir. 2014) (quoting *Smallwood*, 385 F.3d at 573 n.9); *see Silva v. SM3 Logistics Express, SA de CV*, No. 5:23-CV-00034, 2024 WL 1902756, at *3 (S.D. Tex. Mar. 31, 2024).   Nevertheless, "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no [improper] joinder," and the case must be remanded for lack of diversity.   *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2001)); *see Smallwood*, 385 F.3d at 573-74; *see Kirby v. State Farm Lloyds'*, 663 F. Supp. 3d 656, 663 (N.D. Tex. 2023).

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought.   In this case, Texas supplies the applicable law.   *See Palmquist*, 103 F.4th at 306 ("[F]ederal courts sitting in diversity apply state substantive law." (quoting *Shady Grove Orthopedic Ass'n v. Allstate Ins. Co.*, 559 U.S. 393, 437 (2010))); *Travis v. Irby*, 326 F.3d 644, 647 (2003); *Hart v. Bayer Corp.*, 199

F.3d 239, 247 (5th Cir. 2000).   "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); *see Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Speiser v. AmGUARD Ins. Co.*, No. CV H-22-1595, 2022 WL 3349312, at *3 (S.D. Tex. Aug. 12, 2022).   The United States Court of Appeals for the Fifth Circuit has held that "[a] federal court must apply the federal pleading standard" when determining whether a plaintiff has a reasonable basis for recovery under state law.   *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208; *see Waste Mgmt., Inc.*, 974 F.3d at 533.   Accordingly, the court must conduct a Rule 12(b)(6) analysis.   *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 207-08;   *accord Hicks*, 12 F.4th at 515; *Waste Mgmt., Inc.*, 974 F.3d at 533. Specifically, the court must consider whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face" against the in-state defendant.   *Hicks*, 12 F.4th at 515 (quoting *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Waste Mgmt., Inc.*, 974 F.3d at 533.   If the plaintiff's claim does not survive the Rule 12(b)(6) inquiry, the court must dismiss that party without prejudice as being improperly joined to defeat diversity jurisdiction.   *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 209; *see Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 F. App'x 34, 36 (5th Cir. 2019); *Alviar*, 854 F.3d at 291.

Under Rule 12(b)(6), "the plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see Hamilton v. DeJoy*, No. 1:23-cv-01045, 2024 WL 3540474, at *2 (W.D. Tex. July 16, 2024).   The "[f]actual allegations

must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *accord King v. Baylor Univ.*, 46 F.4th 344, 355 (5th Cir. 2022); *Davis v. Tex. Health & Hum. Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019). "Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Hence, "a complaint's allegations 'must make relief plausible, not merely conceivable, when taken as true.'" *Id.* (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)); *see Hicks*, 12 F.4th at 515; *Longoria ex rel. M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263 (5th Cir. 2019) ("Though the complaint need not contain 'detailed factual allegations,' it must contain sufficient factual material to 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)).

In conducting a Rule 12(b)(6) analysis, the court must also consider Federal Rule of Civil Procedure 8(a). *Twombly*, 550 U.S. at 555. Accordingly, a district court should not dismiss a complaint for failure to state a claim unless a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *accord King*, 46 F.4th at 355; *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Am. Precision Ammunition, L.L.C. v. City of Mineral Wells*, 90 F.4th 820, 824 (5th Cir. 2024) (quoting *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022)); *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (quoting

*Iqbal*, 556 U.S. at 678).  "Essentially, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Retana v. Twitter, Inc.*, 419 F. Supp. 3d 989, 993 (N.D. Tex. 2019) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).  "Plausibility is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *King*, 46 F.4th at 356 (quoting *Iqbal*, 556 U.S. at 678).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Moreover, where the defendant maintains that federal jurisdiction is proper, the court must evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. *See Palmquist*, 103 F.4th at 304 (citing *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)); *Pace*, 93 F.4th at 889; *D & J Invs. of Cenla, L.L.C.*, 52 F.4th at 195.  The court must then examine relevant state law and resolve all uncertainties in favor of the nonremoving parties. *See Palmquist*, 103 F.4th at 304 (citing *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)); *Pace*, 93 F.4th at 889; *D & J Invs. of Cenla, L.L.C.*, 52 F.4th at 195.  Furthermore, the "court must normally assume all the facts as set forth by the plaintiff to be true." *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)); *accord D & J Invs. of Cenla, L.L.C.*, 52 F.4th at 195 (holding that when evaluating whether a defendant is properly joined, the court "resolve[s] any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor" (quoting *Rico v. Flores*, 481 F.3d

234, 239 (5th Cir. 2007))).  The court need not determine whether the plaintiff will "actually or even probably prevail on the merits of the claim . . . ."  *Ticer*, 20 F.4th at 1049 n.39 (quoting *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005)).  Rather, the court looks for a reasonable possibility that the plaintiff might do so.  *Id.*; *Tubbs v. Swift Transp. Servs., LLC*, 700 F.Supp. 3d 573, 577 (S.D. Tex. 2023).

       D.     <u>Negligence Under Texas Law</u>

Under Texas law, a negligence claim consists of three essential elements:

(1)     a legal duty owed by one person to another;

(2)     a breach of that duty; and

(3)     damages that were proximately caused by the breach.

*Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022); *Walgreens v. McKenzie*, 676 S.W.3d 170, 179 (Tex. App.—Houston [14th Dist.] 2023, pet. filed) (citing *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)); *Goad v. KHBM Partners III, Ltd.*, No. 09-20-00020-CV, 2021 WL 4597083, at *5 (Tex. App.—Beaumont Oct. 7, 2021); *accord Milligan v. Home Depot USA, Inc.*, 809 F. App'x 217, 219 (5th Cir. 2020).  "[T]he existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question."  *Allen*, 907 F.3d at 178 (quoting *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)); *Elephant Ins. Co., LLC*, 644 S.W.3d at 140 n.1 (quoting *Greater Hous. Transp. Co.*, 801 S.W.2d at 525); *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017).  If the defendant owed no duty, it cannot be found liable for negligence.  *Allen*, 907 F.3d at 180; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 542 n.19 (5th Cir. 2005); *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999).

"A duty is a 'legally enforceable obligation to comply with a certain standard of conduct.'" *Bauer v. Gulshan Enters., Inc.*, 617 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (quoting *Hand v. Dean Witter Reynolds, Inc.*, 889 S.W.2d 483, 491 (Tex. App.—Houston [14th Dist.] 1994, writ denied)); *San Benito Bank & Tr. Co. v. Landair Travels*, 31 S.W.3d 312, 317 (Tex. App.—Corpus Christi 2000, no pet.); *accord City of Houston v. Jenkins*, 363 S.W.3d 808, 817 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).  Whether a duty exists "turns 'on a legal analysis balancing a number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant.'"  *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 198 (5th Cir. 2014) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)); *accord In re Richardson Motorsports, Ltd.*, 690 S.W.3d 42, 52 n.4 (Tex. 2024) (quoting *Del Lago Partners, Inc.*, 307 S.W.3d at 767); *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 218 (Tex. 2008).  Of these factors, foreseeability of the risk is the dominant consideration.  *Martinez v. Walgreen Co.*, 935 F.3d 396, 402 (5th Cir. 2019) ("The Texas Supreme Court has 'described foreseeability as the "foremost and dominant consideration" in the duty analysis' . . . ." (quoting *Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 36 (Tex. 2002))); *see Boudreaux*, 402 F.3d at 541; *Greater Hous. Transp. Co.*, 801 S.W.2d at 525.

In the present case, Plaintiffs allege that JBC had a duty to exercise ordinary care with regard to the design, engineering, and oversight of the construction project on the roadway where the incident occurred.  In assessing whether JBC owed a duty, the court must consider whether and to what extent a construction company's failure to design and oversee the project properly might create a foreseeable risk of harm.  A highway construction site is generally characterized by the presence of moving vehicles, dangerous machinery, and potentially hazardous materials.

Additionally, construction sites commonly disrupt the flow of traffic, reduce the number of lanes available, and create confusing conditions that may lead to a collision.  Because of the speed and force involved in automobile accidents, the risk of harm to those who would be injured by such an accident is substantial.  Accordingly, it is foreseeable that a construction company's failure to design, engineer, and supervise a construction site properly could create a substantial risk of harm. JBC, therefore, owed a duty to act with ordinary care in the oversight and design of the construction project.

To prove breach of duty under Texas law, the plaintiff must show that the defendant "either did something an ordinarily prudent person exercising ordinary care would not have done under the circumstances, or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care." *Boudreaux*, 402 F.3d at 541 (citing *Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App.—Dallas 2004, pet. denied)); *Espinoza v. State Farm Mut. Auto. Ins. Co.*, No. 7:19-CV-00299, 2020 WL 5040409, at *3 (S.D. Tex. Aug. 26, 2020). Plaintiffs' Petition states that JBC "failed to use ordinary care in [the] oversight of the project and used improper planning of signs and warnings where the collision occurred."  Plaintiffs also state that the defects included "a lack of adequate lane markings and warning signs."  Plaintiffs' allegations are conclusory and devoid of the factual detail required to demonstrate that JBC breached its duty of ordinary care.  A vague reference to inadequate lane markings and warning signs does not provide the court with any basis for inferring that JBC was negligent.  Plaintiffs' Petition does not specify how the lane markings were inadequate.  For example, the Petition does not explain whether the lane markings were completely absent, faded, or confusing.  Moreover, Plaintiffs do not explicate the manner in which JBC's warning signs fell below the applicable

standard of care.  Plaintiffs do not specify whether there were no warning signs at the construction site or whether there were warning signs, but the signs were inadequate due to their size, content, placement, or visibility.  Consequently, Plaintiffs have failed to plead facts sufficient to support the conclusion that JBC breached a duty it owed to Plaintiffs.

Regarding proximate cause, Plaintiffs' Petition sets forth unsupported and conclusory allegations in support of its claim.  Negligence requires a showing of proximate cause.  *Perez v. U.S. Xpress, Inc.*, No. 23-50146, 2023 WL 6393899, at *2 (5th Cir. Oct. 2, 2023) (quoting *IHS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)); *Bos v. Smith*, 556 S.W.3d 293, 303 (Tex. 2018**);** *HMC Hotel Props. II Ltd. P'ship v. Keystone-Tex. Prop. Holding Corp.*, 439 S.W.3d 910, 913 (Tex. 2014).  Proximate cause consists of two elements—cause in fact and foreseeability.  *Perez*, 2023 WL 6393899, at *2; *Taya Agric. Feed Mill Co. v. Byishimo*, No. 22-20339, 2022 WL 17716383, at *2 n.2 (5th Cir. Dec. 14, 2022) (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005)); *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019).

Cause-in-fact requires proof that the act was a substantial factor in bringing about the harm at issue, and, absent the act, the harm would not have occurred.  *Petersen v. Johnson*, 57 F.4th 225, 236 (5th Cir. 2023); *Perez*, 2023 WL 6393899, at *2; *United Specialty Ins. Co. v. Truong*, No. 22-30027, 2022 WL 3097367, at *3 (5th Cir. Aug. 3, 2022).  "[C]ause in fact is not established where the defendant's negligence does no more than furnish a condition which makes the injuries possible."  *Perez*, 2023 WL 6393899, at *2;  Mason *v. AMed-Health, Inc.*, 582 S.W.3d 773, 789-90 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (quoting *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 799).  A plaintiff is not required to exclude all other possible

14

causes; rather, "it is sufficient to prove that the greater probability is that the defendant's conduct, alone or in contribution with others, was the cause of the harm." *Barnes v. Freedom Powersports, LLC*, No.05-22-00677-CV, 2024 WL 412561, at *9 (Tex. App.—Dallas Feb. 5, 2024, pet. filed); *see City of Austin v. Lopez ex rel. Lopez*, 632 S.W.3d 200, 221 (Tex. App.—Austin 2021, pet. denied).

Here, Plaintiffs' Petition dedicates one sentence to the issue of proximate cause. Specifically, the Petition states that "[JBC's] negligence was a proximate cause of the collision and Plaintiffs' damages." The Petition fails to provide any factual basis demonstrating a connection between JBC's alleged breach of the duty of ordinary care and Plaintiffs' injuries. Rather, Plaintiffs provide only a "threadbare recital" of the required elements. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). As stated above, threadbare recitals of the elements of a cause of action are insufficient to state a claim under Rule 12(b)(6). *Id.* Therefore, Plaintiffs have failed to plead proximate cause adequately.[1]

Plaintiffs' allegations regarding JBC are conclusory and fail to allege any specific conduct that could support a claim for relief under any of the causes of action asserted. When conducting a Rule 12(b)(6) analysis, "[w]e do not . . . accept as true legal conclusions, conclusory statements, or naked assertionsdevoid of further factual enhancement." *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (quoting *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019)); *see Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021); *Pseudonym v. E. Hous. Reg'l Med. Ctr.*, No.

---

1       Amazon also asserts that Plaintiffs' Petition fails to state a claim against JBC because the Petition does not set forth any facts demonstrating that liability may be imposed under § 97.002 of the Texas Civil Practice and Remedies Code. Because the court concludes that Plaintiffs have failed to plead facts sufficient to support a finding of negligence or proximate cause, the court need not consider Amazon's second argument.

4:17-CV-3277, 2018 WL 2392200, at *8 (S.D. Tex. Apr. 25, 2018), *adopted by* No. 4:17-CV-3277, 2018 WL 2390129 (S.D. Tex. May 25, 2018) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). Ultimately, Plaintiffs' Petition identifies a mere "hypothetical possibility" that a cause of action may exist against JBC. *Griggs*, 181 F.3d at 701. This does not suffice to establish a reasonable basis for predicting recovery. *Id.* Hence, Plaintiffs' Petition fails to meet the pleading standards under Federal Rules of Civil Procedure 8 and 12. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208; *see Sam v. Wells Fargo Bank, N.A.*, No. 4:15-CV-03194, 2016 WL 3002359, at *8 (S.D. Tex. May 20, 2016) (holding that because plaintiff failed to state a claim to relief that is plausible on its face, defendant demonstrated that there was no reasonable basis for the court to predict that plaintiff might be able to recover against the in-state defendant); *Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-cv-0003, 2016 WL 2756589, at *16 (S.D. Tex. May 9, 2016). Thus, because Plaintiffs' Petition does not assert a viable basis for recovery against JBC, the court finds that JBC was improperly joined to this action. Accordingly, JBC must be dismissed without prejudice as a defendant in this case.

III.   Conclusion

An evaluation of the relevant facts and controlling law reveals that this court has subject matter jurisdiction over this action. Although no federal question is presented, complete diversity of citizenship exists between the parties, as the in-state defendant was improperly joined, and the amount in controversy exceeds $75,000.00. Therefore, this case was properly removed, and remand is not warranted.

Accordingly, Plaintiffs' Motion to Remand is DENIED.

16

SIGNED at Beaumont, Texas, this 28th day of October, 2024.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE