| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

HELEN TRAN and JOHN NGUYEN, §
§
    Plaintiffs, §
§
*versus* § CIVIL ACTION NO. 1:24-CV-94
§
GLG TRUCK LINES, INC., JAMIE §
PRAWDZIK, AMAZON.COM, INC., and §
AMAZON LOGISTICS, INC., §
§
    Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Plaintiffs Helen Tran and John Nguyen's (collectively "Plaintiffs") Motion to Compel (#33), wherein they ask the court to compel Defendant Amazon.Com, Inc. ("Amazon") to respond to their requests for discovery. Amazon did not file a response. Having considered the pending motion, the submissions of the Plaintiffs, the record, and the applicable law, the court is of the opinion that Plaintiffs' motion should be granted.

I.    <u>Background</u>

On December 7, 2023, Plaintiffs filed the present lawsuit in the 60th Judicial District Court of Jefferson County, Texas. On March 13, 2024, the action was removed to the Eastern District of Texas, Beaumont Division, on the basis of diversity jurisdiction. Plaintiffs' Second Amended Complaint (#26) asserts claims of negligence against Defendants GLG Truck Lines, Inc. ("GLG"), Jamie Prawdzik ("Prawdzik"), Johnson Bros. Corporation, a Southland Company ("JBC"), Amazon Logistics, Inc. ("Amazon Logistics"), and Amazon for injuries arising out of an automobile accident. Specifically, on November 3, 2022, Plaintiffs were traveling in the left lane of Interstate Highway 10 ("IH-10") in Beaumont, Texas. Simultaneously, Prawdzik was driving

a large commercial vehicle on the service road of IH-10. As Prawdzik merged onto the highway, he crossed multiple lanes of traffic and collided with Plaintiffs. Plaintiffs allege that they sustained injuries as a result.

Plaintiffs served Amazon with a document containing interrogatories, requests for production ("RFP"), and requests for admission. At Amazon's request, Plaintiffs agreed to extend the deadline to respond to their discovery request until December 4, 2024. On December 4, 2024, however, Amazon requested an additional extension. Plaintiffs refused, and Amazon submitted a response containing numerous objections a few hours later. On January 10, 2025, Plaintiffs filed the pending motion, asking the court to overrule Amazon's objections and order Amazon to respond to their requests.

II.   Analysis

   A.   Scope of Discovery

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil cases." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (Powell, J., concurring); *see Chouceir v. Hartford Fire Ins. Co.*, No. 24-2228, 2025 WL 1735409, at *2 (E.D. La. June 23, 2025); *Autoscribe Corp. v. Nuvei Corp.*, No. 2:24-CV-00325, 2025 WL 1160604, at *1 (E.D. Tex. Apr. 21, 2025); *Dveirin v. State Farm*

2

*Fire & Cas. Co.*, No. 23-5146, 2025 WL 306333, at *2 (E.D. La. Jan. 27, 2025). "[C]ontrol of discovery is committed to the sound discretion of the trial court." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 386 (5th Cir. 2020) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)); *accord Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 872 (5th Cir. 2018) (quoting *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010)); *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). District courts have wide discretion to determine the scope of discovery. *See Cerda v. Blue Cube Operations, L.L.C.*, 95 F.4th 996, 1004 (5th Cir. 2024); *Cruz v. Maverick County*, 957 F.3d 563, 570 (5th Cir. 2020); *Shumpert v. City of Tupelo*, 905 F.3d 310, 326 (5th Cir. 2018).

In order for information to be discoverable, it "must be both relevant and proportional to the needs of the case—which are related but distinct requirements." *Baker v. Walters*, 652 F. Supp. 3d 768, 778 (N.D. Tex. 2023) (quoting *Lopez v. Don Herring, Ltd.*, 327 F.R.D. 567, 573 (N.D. Tex. 2018)); *accord Payne v. Raytheon Techs. Corp.*, No. 3:22-cv-2675-BN, 2025 WL 317567, at *2 (N.D. Tex. Jan. 28, 2025); *Energy Vault, Inc. v. United Standard Elec., L.L.C.*, PE:23-CV-00047-DC-DF, 2024 WL 4328775, at *3 (W.D. Tex. Aug. 21, 2024) (citing *Samsung Elecs. Am., Inc. v. Chung Yang Kun*, 321 F.R.D. 250, 279 (N.D. Tex. 2017)). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value." *Baker*, 2023 WL 424788, at *7 (quoting *Samsung Elecs. Am., Inc.*, 321 F.R.D. at 280); *accord Zenith Ins. Co.*, 328 F.R.D. at 161. The party resisting discovery has the burden to show specifically how each discovery request at issue is not relevant or is overly broad, unduly burdensome, or oppressive. *Landmark Am. Ins. Co. v. Gargoyle Mgmt. Inc.*, No. 5:24-CV-038-H-BV, 2024 WL 5424423, at *3 (N.D. Tex. Nov. 19,

3

2024); *English v. Tex. Farm Bureau Bus. Corp.*, No. 617CV00323-ADA-JCM, 2020 WL 2764625, at *1 (W.D. Tex. May 27, 2020); *see Baker*, 2023 WL 424788, at *3 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Moreover, "[t]he burden is on the party resisting discovery to establish the discovery is not proportional." *Hall v. Rent-A-Center, Inc.*, Civ. A. No. 4:16cv978, 2018 WL 4293141, at *3 (E.D. Tex. Aug. 31, 2018); *accord Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591-92 (holding that the party resisting discovery on the grounds that it is not proportional to the needs of the case "bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Federal Rule of Civil Procedure 26(b) by coming forward with specific information to address—insofar as that information is available to it—the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

"Counsel have 'an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests.'" *Sterns v. CitiMortgage, Inc.*, __ F.R.D. __, No. 3:25-cv-1747-L-BN, 2025 WL 1890654, at *3 (N.D. Tex. July 7, 2025); *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (quoting *McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485). A party may submit a motion to compel disclosure of discovery if "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Nevertheless, district courts have broad discretion in all discovery matters and should not "hesitate to exercise

appropriate control over the discovery process." *Herbert*, 441 U.S. at 177; *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000); *accord Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 603 (5th Cir. 2018) (recognizing that district courts have broad discretion on discovery issues).

In terms of the substance of discovery, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). If a party objects to an interrogatory, that objection "must be stated with specificity." FED. R. CIV. P. 33(b)(4). Additionally, requests for documents must describe with particularity each item to be inspected, and objections to requests must be specific and state if any documents "are being withheld on the basis of that objection." FED. RS. CIV. P. 34(b)(1)(A), 34(b)(2)(B), (C). If a party fails to answer an interrogatory or to produce a document in compliance with these guidelines, the other party may move to compel an answer, designation, or production. FED. R. CIV. P. 37(a)(3)(B)(iii-iv).

B.  General Objections to Discovery

General and unsupported objections to discovery requests that fail to state their grounds with specificity are improper and result in waiver of those objections. *See* FED. R. CIV. P. 26(b)(1), advisory committee note (2015) (Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that is not proportional"); *McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485 (finding "boilerplate" objections that interrogatories were "overly broad, burdensome, and oppressive" were "not adequate to voice a successful objection" and thus not valid); *Star Creek Ctr., LLC v. Seneca Ins. Co., Inc.*, No. 4:17-CV-00607, 2018 WL 1934084, at *3 (E.D. Tex. Apr. 23, 2018) (holding plaintiff "waived several objections by making

5

boilerplate . . . objections"); *Heller v. City of Dallas*, 303 F.R.D. 466, 483-84 (N.D. Tex. 2014) ("So-called boilerplate or unsupported objections . . . are likewise improper and ineffective and may [amount to] what the Fifth Circuit has described as . . . Rambo tactics . . . ."); *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159, 164-66 (S.D. Tex. 2009) (finding that "boilerplate" objections fail "to meet the specificity requirements" of Rule 34 or Rule 26). Objections that are untimely or lack specificity are "waived unless the court, for good cause, excepts the failure." FED. R. CIV. P. 33(b)(4); *see Enron Corp. Sav. Plan*, 258 F.R.D. at 153, n.1 (applying Rule 33 requirements to both interrogatory and document request objections).

Here, Amazon objects to all of Plaintiffs' RFPs and 16 of Plaintiffs' 18 interrogatories. The vast majority of these objections consist of some combination of "boilerplate" statements that fail to specify the grounds for the objection. For example, Amazon objects to Plaintiffs' requests as overly broad at least 32 times, sometimes varying the language to claim the interrogatory or request for production is also "vague" or "vague and ambiguous." Of these 32 objections, no specific grounds for the objection are set forth before additional objections are asserted. Consequently, Amazon's "boilerplate" objections are themselves vague, ambiguous, and lacking in the specificity required by the Federal Rules of Civil Procedure. Other "boilerplate" objections that Amazon advanced without further thought, reasoning, or justification, include:

(1) 40 objections that the requested discovery is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

(2) 24 objections to Plaintiffs' alleged failure to reasonably tailor its requests to Plaintiffs' claims or to the factual circumstances of the incident at issue;

(3) 17 objections on the grounds that the requested discovery seeks "confidential and proprietary" business information;

  (4)  16 objections that the requested information and documents are protected from disclosure by "attorney-client privilege and/or attorney work product doctrine;"

  (5)  6 objections asserting that the request is multifarious or requires a narrative response; and

  (6)  2 objections noting that the request seeks to violate Amazon's right to privacy.

These objections fail to explain their applicability to each particular request and are not stated with the specificity required by Federal Rules of Civil Procedure 26, 33, and 34. Further, Amazon has declined to explain or support its objections by filing a response, thereby circumventing its obligation to explain its resistance to discovery. Consequently, to the extent Amazon asserts the objections listed above, they are OVERRULED and waived with respect to RFPs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 36, 37, 38, 39, 41, 42, and interrogatories 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, and 18.

  C. Specific Objections to Discovery

    1. Objections to the Mischaracterization of Evidence

  A review of Amazon's response reveals a clear attempt to delay and deny Plaintiffs' efforts to engage in discovery. Nevertheless, among the barrage of general and unsupported objections, Amazon has managed to articulate a few of its objections with enough specificity to warrant further scrutiny. First, Amazon contends that RFPs 2, 5, 6, 7, 12, 13, 23, 24, 27, 37, 38, and 39 and interrogatories 4, 8, 9, 11, and 17, are misleading, assume facts not in evidence, or

mischaracterize the evidence because Amazon did not "employ, manage, operate, or control any person or the tractor involved in the incident."[1]

Courts, however, have recognized that while assuming facts not in evidence may serve as the basis for an objection during trial or some other evidentiary hearing, such an objection is improper with respect to discovery. *Two Rivers Pipeline & Constr. Co., Inc. v. Cimarex Energy Co.*, No. PE:19-CV-00049-DC-DF, 2020 WL 6379302, at *4 (W.D. Tex. Sept. 14, 2020); *see Torsh, Inc. v. Audio Enhancement, Inc.*, No. 22-2862, 2023 WL 7688583, at *9 n.56 (E.D. La. Nov. 15, 2023). Similarly, an objection that an RFP or interrogatory "mischaracterizes the evidence" also lacks merit. *See Two Rivers Pipeline & Constr. Co., Inc.*, 2020 WL 6379302, at *4. Accordingly, Amazon's objections are OVERRULED.

### 2. Objections Regarding Amazon's Motor Carrier Status

Second, Amazon objects to RFPs 2, 13, 14, 19, 21, 22, 25, 26, 28, 29, 30, 32, 33, 34, 35, and interrogatory 10 on the grounds that it is not a "motor carrier" in the alleged incident. Consequently, Amazon maintains that it is not subject to the Federal Motor Carrier Safety Regulation ("FMCSR") requirements for motor carriers for purposes of this action. Because Amazon is not subject to the FMCSR's requirements, it asserts that any requests for documents that it may be required to maintain by the FMCSR are not relevant or reasonably calculated to lead to admissible evidence.

Notably, however, the requests to which Amazon objects do not discuss, or even mention, the FMCSR requirements. Rather, Plaintiffs' requests ask Amazon to produce, for example, "a

---

[1] Though the language varies throughout Amazon's responses, the substance of its objections remains the same.

copy of the driver qualification file . . . in your possession," or the "logbooks or electronic logs in your possession, custody or control for any person in the subject vehicle." Thus, Plaintiffs' requests are specific to the driver and the vehicle at issue in the present case. Moreover, the discovery sought is generally limited to documents or information in Amazon's possession. Therefore, the issue of whether Amazon was required to keep such records under the FMCSR is irrelevant. Rather, the salient question is whether Amazon is in possession of the information and documents sought. Accordingly, Amazon's objections to RFPs 2, 13, 14, 19, 21, 22, 25, 26, 28, 29, 30, 32, 33, 34, 35, and interrogatory 10 are OVERRULED.

### 3. Objections to Vagueness and Nonsensicality

Third, Amazon objects to several of Plaintiffs' requests due to vagueness, ambiguousness, and nonsensicality.[2] Specifically, Amazon objects to interrogatory 13 on the grounds that it is vague, ambiguous, and nonsensical as written. Interrogatory 13 asks Amazon to "[p]lease identify each and every Department of Transportation number under which Jamie Prawdzik was operating for the 3 years preceding and including the day of the incident made the basis of this suit, including any operative authority he possessed from the Department of Transportation." Amazon maintains that the interrogatory is "vague, ambiguous, and nonsensical as written as Jamie Prawdzik is an individual and would not operate under a Department of Transportation number." Plaintiffs' motion fails to address Amazon's objection. Additionally, a preliminary review of publicly available information suggests that Amazon is correct, and that Prawdzik, as a mere

---

[2] The court recognizes that numerous objections to vagueness and ambiguity were overruled above. The difference here, however, is that Amazon provided some factual support for its assertions of vagueness. Accordingly, Amazon's objections to interrogatory 13 and RFPs 24, 31, and 41 warrant further evaluation.

employee of GLG, would not operate under a United States Department of Transportation ("USDOT") number. Accordingly, Amazon's objection to interrogatory 13 is SUSTAINED.

Amazon also objects to RFP 24 as vague and ambiguous. RFP 24 asks Amazon to:

[A]ttach all written policies and procedures, safety manuals, safety rules, policies or procedures, driving handbooks, instructions, manual policies or procedures, employment handbooks and/or employment manuals in effect at the time of the incident made the basis of this suit, including but not limited to:

    A.    Any terms, conditions, and procedures, involving the employer/employee relationship;

    B.    Safety;

    C.    Driving;

    D.    Recruiting and hiring of new employees; and

    E.    Promotions, demotions, and discipline used by you.

Amazon, however, objects on the grounds that the term "safety" is "vague, ambiguous and subject to multiple interpretations." An objection on the grounds of vagueness or ambiguity is only justified if the request is so vague or ambiguous as to be incapable of reasonable interpretation. *Mahalingam v. Wells Fargo Bank, N.A.*, 349 F.R.D. 127, 142 (N.D. Tex. 2023); *Dow Constr., L.L.C. v. BPX Operating Co.*, No. 5:20-CV-00009, 2022 WL 1716511, at *6 (W.D. La. Apr. 29, 2022). Here, the term "safety" is subject to reasonable interpretation. Accordingly, Amazon's objection to RFP 24 is OVERRULED.

Amazon also objects to RFP 31 on the grounds that it is vague, ambiguous, and nonsensical as written. RFP 31 asks Amazon to produce for "inspection and downloading the tractor and trailer being driven at the time of the collision made the basis of this suit." Specifically, Amazon objects on the grounds that Defendant cannot download the tractor and trailer. The court agrees,

as it is unclear from Plaintiffs' request whether they are seeking the physical production of the tractor and trailer, a three-dimensional digital production, or the production of photographs. Therefore, Amazon's objection to RFP 31 is SUSTAINED.

Lastly, Amazon objects to RFP 41, which asks Amazon to produce "all Master Transportation Agreements related to the goods being transported at the time of the incident." Amazon maintains that the term "Master Transportation Agreements" is vague, ambiguous, overly broad, undefined, and subject to multiple interpretations. As noted above, the court must determine whether the request is so vague as to be incapable of reasonable interpretation. *Mahalingam*, 349 F.R.D. at 142. In the present case, the term "Master Transportation Agreement" is limited in scope to those agreements related to the goods being transported at the time of the incident. Hence, one can reasonably infer that RFP 41 seeks the production of all transportation agreements pertaining to the goods being transported by Prawdzik at the time of the alleged incident. Therefore, Amazon's objection to RFP 41 is OVERRULED.

### 4.    Objections on the Grounds of Undue Burden

Amazon's fourth style of objection maintains Plaintiffs' requested discovery is unduly burdensome given the scope of Amazon's business and insurance program. Rule 26 provides that a party may obtain discovery regarding any "nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case." FED. R. CIV. P. 26(b)(1) (emphasis added). A party resisting discovery on the grounds that a given request is unduly burdensome, or not proportional to the needs of the case, must submit affidavits or other evidence revealing the nature of the burden. *Samaniego v. Dollar Tree Stores Inc.*, No. 3:23-cv-02879-K, 2024 WL 5701793, at *2 (N.D. Tex. Nov. 1, 2024); *English*, 462 F. Supp. 3d at 669; *Thompson v. Toyota*

*Motor Sales, USA, Inc.*, No. SA-16-CA-00645-DAE, 2017 WL 5244561, at *2 (W.D. Tex. June 6, 2017) (citing *Samsung Elecs. Am., Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017)).

Here, Amazon has failed to provide any evidence demonstrating why Plaintiffs' requested discovery is unduly burdensome. Amazon did not file a response to Plaintiffs' motion. As a result, the only information available to the court is that which is contained in Amazon's original objection. The objection, however, offers only a conclusory statement regarding the size of Amazon's business and insurance program. Therefore, Amazon's objections to interrogatory 14 and RFPs 8, 16, and 36 are OVERRULED.

        5.       Objection that the Requested Discovery Seeks the Premature Disclosure of Experts

Finally, Amazon objects to RFP 18 because it "seeks the premature disclosure of expert(s) or their opinions." RFP 18 asks Amazon to attach "any document which indicates whether it was determined by any Amazon entity that the incident made the basis of this suit was preventable or non-preventable." Again, a party may obtain discovery regarding any "nonprivileged matter that is *relevant* to any party's claim." FED. R. CIV. P. 26(b)(1) (emphasis added). A determination regarding the preventability of the accident is certainly relevant to Plaintiffs' claims. Moreover, the discovery sought by Plaintiffs is not objectionable simply because it may include expert materials. *Ayangbile v. Child's. Health Servs. of Tex.*, No. 3:24-CV-01075-N, 2025 WL 1182089, at *3 (N.D. Tex. Apr. 22, 2025) (overruling an objection on the grounds that the requested discovery seeks the premature disclosure of expert materials). Rather, Plaintiffs' request would be objectionable only if the materials were privileged. Here, however, Amazon has waived that objection with respect to RFP 18 by asserting an unsubstantiated "boilerplate" objection and

12

failing to adduce any evidence or authority demonstrating that such materials should be protected by the attorney-client privilege. Accordingly, Amazon's objection to RFP 18 is OVERRULED.

### D. Failure to Respond

In answering interrogatory 2 and RFP 40, Amazon simply states that it will "supplement this response," without identifying whether there exists any information or documents responsive to Plaintiffs' requests. A party responding to a discovery request has a duty to respond to or answer the request to the extent that it is not objectionable. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018); *see Foster v. State Farm Fire & Cas. Co.*, No. 2:22-cv-50-HSO-BWR, 2023 WL 9181333, at *4 (S.D. Miss. Mar. 13, 2023); *Lechuga v. Magallanes*, No. MO:16-CV-00269-RAJ-DC, 2017 WL 8180781, at *2 (W.D. Tex. June 1, 2017). In the present case, Amazon has not objected to either interrogatory 2 or RFP 40. As a result, Amazon has a duty to respond to Plaintiffs' requests. Therefore, Amazon is ORDERED to answer interrogatory 2 and RFP 40 fully.

## III. Conclusion

Based on the foregoing analysis, Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part. Accordingly, Amazon is ORDERED to respond fully to RFPs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42, as well as interrogatories 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, and 18 **NO LATER THAN August 1, 2025, at 6:00 p.m.** Amazon's objections, however, are SUSTAINED with respect to interrogatory 13 and RFP 31, such that no response is required.

SIGNED at Beaumont, Texas, this 11th day of July, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE